**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

**Southern District of Texas**
(State)

Case number *(if known)*: ____________ Chapter 11

☐Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

**06/22**

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.**

**1. Debtor's Name** — **Robertshaw US Holding Corp.**

**2. All other names debtor used in the last 8 years** — **N/A**

Include any assumed names, trade names, and *doing business as* names

**3. Debtor's federal Employer Identification Number** (EIN) — **46-4931898**

**4. Debtor's address**

**Principal place of business**

**1222 Hamilton Parkway**
Number Street

**Itasca, IL 60143**
City State Zip Code

**DuPage**
County

**Mailing address, if different from principal place of business**

Number Street

City State Zip Code

**Location of principal assets, if different from principal place of business**

Number Street

City State Zip Code

**5. Debtor's website** (URL) — www.robertshaw.com

**6. Type of debtor**

☒Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐Partnership (excluding LLP)

☐Other. Specify: ____________

**7. Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
**3345 (Navigational, Measuring, Electromedical, and Control Instruments Manufacturing)**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11**. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the ***Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11*** (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes

District ____ When ____ (MM/DD/YYYY) Case number ____

District ____ When ____ (MM/DD/YYYY) Case number ____

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
☒ Yes

Debtor **See Rider 1** Relationship **Affiliate**

District **Southern District of Texas** When: **2/15/2024** (MM / DD / YYYY)

Case number, if known ____

List all cases. If more than 1, attach a separate list.

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard?

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other

**Where is the property?**

Number Street

City State Zip Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency

Contact name

Phone

## Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☐ Funds will be available for distribution to unsecured creditors.
☒ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors***

***Consolidated for all Debtors**

| | | |
|---|---|---|
| ☐1-49 | ☒1,000-5,000 | ☐25,001-50,000 |
| ☐50-99 | ☐5,001-10,000 | ☐50,001-100,000 |
| ☐100-199 | ☐10,001-25,000 | ☐More than 100,000 |
| ☐200-999 | | |

**15. Estimated assets***

***Consolidated for all Debtors**

| | | |
|---|---|---|
| ☐$0-$50,000 | ☐$1,000,001-$10 million | ☒$500,000,001-$1 billion |
| ☐$50,001-$100,000 | ☐$10,000,001-$50 million | ☐$1,000,000,001-$10 billion |
| ☐$100,001-$500,000 | ☐$50,000,001-$100 million | ☐$10,000,000,001-$50 billion |
| ☐$500,001-$1 million | ☐$100,000,001-$500 million | ☐More than $50 billion |

**16. Estimated liabilities***

***Consolidated for all Debtors**

| | | |
|---|---|---|
| ☐$0-$50,000 | ☐$1,000,001-$10 million | ☒$500,000,001-$1 billion |
| ☐$50,001-$100,000 | ☐$10,000,001-$50 million | ☐$1,000,000,001-$10 billion |
| ☐$100,001-$500,000 | ☐$50,000,001-$100 million | ☐$10,000,000,001-$50 billion |
| ☐$500,001-$1 million | ☐$100,000,001-$500 million | ☐More than $50 billion |

**Request for Relief, Declaration, and Signatures**

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.
- I have been authorized to file this petition on behalf of the debtor.
- I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **2/15/2024**
MM/ DD / YYYY

✘ ***/s/ John Hewitt***
Signature of authorized representative of debtor

**John Hewitt**
Printed name

Title **Chief Executive Officer**

**18. Signature of attorney**

✘ ***/s/ Timothy A. ("Tad") Davidson II***
Signature of attorney for debtor

Date **2/15 /2024**
MM/DD/YYYY

**Timothy A. ("Tad") Davidson II**

**Hunton Andrews Kurth LLP**
Firm name

**600 Travis Street, Suite 4200**
Number Street

**Houston**
City

**TX**
State

**77002**
ZIP Code

**713-220-4200**
Contact phone

**taddavidson@HuntonAK.com**
Email address

**24012503**
Bar number

**TX**
State

| **Fill in this information to identify the case:** | |
|---|---|
| United States Bankruptcy Court for the: **Southern District of Texas** (State) | |
| Case number *(if known)*: ____________ | Chapter 11 |

☐Check if this is an amended filing

**Rider 1**
**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Southern District of Texas for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of **Robertshaw U.S. Holding Corp.**

| COMPANY | FEDERAL EMPLOYER IDENTIFICATION NUMBER |
|---|---|
| Range Parent, Inc. | 82-4147956 |
| Robertshaw US Holding Corp. | 46-4931898 |
| Robertshaw Controls Company | 54-1419531 |
| Burner Systems International, Inc. | 62-1328603 |
| Robertshaw Mexican Holdings LLC | 54-1419531 |
| Controles Temex Holdings, LLC | 54-1419531 |
| Universal Tubular Systems, LLC | 62-1328603 |
| Robertshaw Europe Holdings LLC | 38-4168843 |

**RANGE PARENT, INC.**
**ROBERTSHAW US HOLDING CORP.**
**ROBERTSHAW CONTROLS COMPANY**
**BURNER SYSTEMS INTERNATIONAL, INC.**
**ROBERTSHAW MEXICAN HOLDINGS LLC**
**CONTROLES TEMEX HOLDINGS LLC**
**UNIVERSAL TUBULAR SYSTEMS, LLC**
**ROBERTSHAW EUROPE HOLDINGS LLC**

**ACTION BY WRITTEN CONSENT**

February 14, 2024

The undersigned, being comprised of (a) all of the members of the board of directors (the "Range Parent Board") of Range Parent, Inc., a Delaware corporation ("Range Parent"), (b) all of the members of the board of directors (the "Robertshaw US Board") of Robertshaw US Holding Corp., a Delaware corporation ("Robertshaw US"), (c) all of the members of the board of directors (the "Robertshaw Controls Board") of Robertshaw Controls Company, a Delaware corporation ("Robertshaw Controls"), (d) all of the members of the board of directors (the "Burner Systems Board") of Burner Systems International, Inc., a Delaware corporation ("Burner Systems"), (e) the Managing Member (the "Robertshaw Mexico Member") of Robertshaw Mexican Holdings LLC, a Delaware limited liability company ("Robertshaw Mexico"), (f) the Managing Member (the "Controles Temex Member") of Controles Temex Holdings LLC, a Delaware limited liability company ("Controles Temex"), (g) the Manager (the "Universal Tubular Manager") of Universal Tubular Systems, LLC, a Delaware limited liability company ("Universal Tubular"), and (h) the Managing Member (the "Robertshaw Europe Member", and together with the Range Parent Board, the Robertshaw US Board, the Robertshaw Controls Board, the Burner Systems Board, the Robertshaw Mexico Member, the Controles Temex Member and the Universal Tubular Manager, the "Governing Bodies") of Robertshaw Europe Holdings LLC, a Delaware limited liability company ("Robertshaw Europe", and together with Range Parent, Robertshaw US, Robertshaw Controls, Burner Systems, Robertshaw Mexican, Controles Temex and Universal Tubular, the "Robertshaw Entities"), in each case, acting pursuant to applicable law and its respective organizational documents, does hereby consent to and adopt the resolutions attached hereto as Exhibit A, by written consent without a meeting (this "Omnibus Consent"), with full force and effect as if adopted at a duly constituted meeting.

This Omnibus Consent may be executed in one or more counterparts, including via facsimile, portable document format (pdf) or other electronic transmission, each of which shall be deemed an original for all purposes and all of which together shall constitute one and the same written consent.

[*Signature Pages Follow*]

**IN WITNESS WHEREOF**, the undersigned have executed this Omnibus Consent as of the date first written above.

| | |
|---|---|
| R. Scott Spielvogel | Eric Evans |
| Tony W. Lee | Mark Oakeson |
| John Hewitt | Steve Ingham |
| Gary Tapella | Joshua Goldman |
| Kurt Beyer | Neal P. Goldman |
| | Scott D. Vogel |

**BEING ALL OF THE MEMBERS OF THE BOARD OF DIRECTORS OF RANGE PARENT, INC.**

**IN WITNESS WHEREOF**, the undersigned have executed this Omnibus Consent as of the date first written above.

| | |
|---|---|
| R. Scott Spielvogel | Eric Evans |
| Tony W. Lee | Mark Oakeson |
| John Hewitt | Steve Ingham |
| Gary Tapella | Joshua Goldman |
| Kurt Beyer | Neal P. Goldman |
| | Scott D. Vogel |

**BEING ALL OF THE MEMBERS OF THE BOARD OF DIRECTORS OF RANGE PARENT, INC.**

**IN WITNESS WHEREOF**, the undersigned have executed this Omnibus Consent as of the date first written above.

| | |
|---|---|
| R. Scott Spielvogel | Eric Evans |
| Tony W. Lee | Mark Oakeson |
| DocuSigned by: John Hewitt 31CC3A9C0C324E7... | |
| John Hewitt | Steve Ingham |
| Gary Tapella | Joshua Goldman |
| Kurt Beyer | Neal P. Goldman |
| | Scott D. Vogel |

**BEING ALL OF THE MEMBERS OF THE BOARD OF DIRECTORS OF RANGE PARENT, INC.**

**IN WITNESS WHEREOF**, the undersigned have executed this Omnibus Consent as of the date first written above.

| | |
|---|---|
| R. Scott Spielvogel | Eric Evans |
| Tony W. Lee | Mark Oakeson |
| John Hewitt | Steve Ingham |
| Gary Tapella | Joshua Goldman |
| Kurt Beyer | Neal P. Goldman |
| | Scott D. Vogel |

**BEING ALL OF THE MEMBERS OF THE BOARD OF DIRECTORS OF RANGE PARENT, INC.**

**IN WITNESS WHEREOF**, the undersigned have executed this Omnibus Consent as of the date first written above.

| | |
|---|---|
| R. Scott Spielvogel | Eric Evans |
| Tony W. Lee | Mark Oakeson |
| John Hewitt | Steve Ingham |
| Gary Tapella | Joshua Goldman |
| Kurt Beyer | Neal P. Goldman |
| | Scott D. Vogel |

**BEING ALL OF THE MEMBERS OF THE BOARD OF DIRECTORS OF RANGE PARENT, INC.**

**IN WITNESS WHEREOF**, the undersigned have executed this Omnibus Consent as of the date first written above.

| | |
|---|---|
| ______________________ | [signature] ______________________ |
| R. Scott Spielvogel | Eric Evans |
| ______________________ | ______________________ |
| Tony W. Lee | Mark Oakeson |
| ______________________ | ______________________ |
| John Hewitt | Steve Ingham |
| ______________________ | ______________________ |
| Gary Tapella | Joshua Goldman |
| ______________________ | ______________________ |
| Kurt Beyer | Neal P. Goldman |
| | ______________________ |
| | Scott D. Vogel |

**BEING ALL OF THE MEMBERS OF THE BOARD OF DIRECTORS OF RANGE PARENT, INC.**

**IN WITNESS WHEREOF**, the undersigned have executed this Omnibus Consent as of the date first written above.

| | |
|---|---|
| R. Scott Spielvogel | Eric Evans |
| Tony W. Lee | Mark Oakeson |
| John Hewitt | Steve Ingham |
| Gary Tapella | Joshua Goldman |
| Kurt Beyer | Neal P. Goldman |
| | Scott D. Vogel |

**BEING ALL OF THE MEMBERS OF THE BOARD OF DIRECTORS OF RANGE PARENT, INC.**

**IN WITNESS WHEREOF**, the undersigned have executed this Omnibus Consent as of the date first written above.

| | |
|---|---|
| R. Scott Spielvogel | Eric Evans |
| Tony W. Lee | Mark Oakeson |
| John Hewitt | Steve Ingham |
| Gary Tapella | Joshua Goldman |
| Kurt Beyer | Neal P. Goldman |
| | Scott D. Vogel |

**BEING ALL OF THE MEMBERS OF THE BOARD OF DIRECTORS OF RANGE PARENT, INC.**

**IN WITNESS WHEREOF**, the undersigned have executed this Omnibus Consent as of the date first written above.

| | |
|---|---|
| R. Scott Spielvogel | Eric Evans |
| Tony W. Lee | Mark Oakeson |
| John Hewitt | Steve Ingham |
| Gary Tapella | Joshua Goldman |
| Kurt Beyer | Neal P. Goldman |
| | Scott D. Vogel |

**BEING ALL OF THE MEMBERS OF THE BOARD OF DIRECTORS OF RANGE PARENT, INC.**

**IN WITNESS WHEREOF**, the undersigned have executed this Omnibus Consent as of the date first written above.

| | |
|---|---|
| ______________________ | ______________________ |
| R. Scott Spielvogel | Eric Evans |
| ______________________ | ______________________ |
| Tony W. Lee | Mark Oakeson |
| ______________________ | ______________________ |
| John Hewitt | Steve Ingham |
| ______________________ | ______________________ |
| Gary Tapella | Joshua Goldman |
| ______________________ | ______________________ |
| Kurt Beyer | Neal P. Goldman |
| | ______________________ |
| | Scott D. Vogel |

**BEING ALL OF THE MEMBERS OF THE BOARD OF DIRECTORS OF RANGE PARENT, INC.**

**IN WITNESS WHEREOF**, the undersigned have executed this Omnibus Consent as of the date first written above.

| | |
|---|---|
| R. Scott Spielvogel | Eric Evans |
| Tony W. Lee | Mark Oakeson |
| John Hewitt | Steve Ingham |
| Gary Tapella | Joshua Goldman |
| Kurt Beyer | Neal P. Goldman |
| | Scott D. Vogel |

**BEING ALL OF THE MEMBERS OF THE BOARD OF DIRECTORS OF RANGE PARENT, INC.**

DocuSigned by:
John Hewitt
31CC3A9C0C324E7...

John Hewitt

Aaron Rachelson

**BEING ALL OF THE MEMBERS OF THE RESPECTIVE BOARDS OF DIRECTORS OF ROBERTSHAW US HOLDING CORP., ROBERTSHAW CONTROLS COMPANY AND BURNER SYSTEMS INTERNATIONAL, INC.**

______________________________
John Hewitt

______________________________
Aaron Rachelson

**BEING ALL OF THE MEMBERS OF THE RESPECTIVE BOARDS OF DIRECTORS OF ROBERTSHAW US HOLDING CORP., ROBERTSHAW CONTROLS COMPANY AND BURNER SYSTEMS INTERNATIONAL, INC.**

**ROBERTSHAW CONTROLS COMPANY**

By: 
Name: Aaron Rachelson
Title: Vice President & Secretary

**BEING THE MANAGING MEMBER OF ROBERTSHAW MEXICAN HOLDINGS LLC AND CONTROLES TEMEX HOLDINGS LLC**

Aaron Rachelson

**BEING THE MANAGER OF UNIVERSAL TUBULAR SYSTEMS, LLC**

**RANGE PARENT, INC.**

By:______________________________
Name: Aaron Rachelson

**BEING THE MANAGING MEMBER OF ROBERTSHAW EUROPE HOLDINGS LLC**

**EXHIBIT A**

**RESTRUCTURING SUPPORT AGREEMENT**

**WHEREAS**, the Governing Bodies have reviewed and analyzed the materials presented by management and the outside financial and legal and other advisors of the Robertshaw Entities regarding the financial condition, capital structure, liquidity position, business model and projections, short-term and long-term prospects of the Robertshaw Entities, the restructuring and other strategic alternatives available to them; and

**WHEREAS**, the Governing Bodies have consulted with the management and financial and legal advisors of the Robertshaw Entities and have considered fully each of the strategic alternatives available to the Robertshaw Entities; and

**WHEREAS**, the Governing Bodies have determined that it is desirable and in the best interests of the Robertshaw Entities, their respective creditors, and other stakeholders generally that each of the Robertshaw Entities file a petition for relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") (each a "**Chapter 11 Case**" and collectively, the "**Chapter 11 Cases**"); and

**WHEREAS**, that in connection with the Chapter 11 Cases, the Governing Bodies have determined that it is in the best interests of the Robertshaw Entities to enter into a restructuring support agreement (together with any exhibits and other attachments annexed thereto, the "**RSA**") on the terms and conditions substantially similar to those set forth in the form of the RSA previously provided to the Governing Bodies (with such changes as may be approved pursuant to the delegation of authority set forth herein) prior to filing the Chapter 11 Cases in order to ensure more orderly Chapter 11 Cases and the attendant cost savings.

**NOW, THEREFORE, BE IT RESOLVED**, that any officer of the Robertshaw Entities (each such officer, an "**Authorized Officer**"), in each case, acting singly or jointly, be, and each is hereby, authorized, empowered, and directed to approve the form, terms, and provisions of the RSA and the execution, delivery, and performance thereof and the consummation of the transactions contemplated thereunder by the Robertshaw Entities, including, without limitation, the amount of and the making of any payments to be made in connection therewith; and it is further

**RESOLVED**, that any Authorized Officer, in each case, acting singly or jointly, be, and each is hereby, authorized, empowered, and directed to, in the name and on behalf of the Robertshaw Entities, to cause the Robertshaw Entities to enter into, execute, deliver, certify, file and/or record, and perform the obligations arising under, the RSA together with such other documents, instruments, notices, and certificates as may be required by the RSA; and it is further

**RESOLVED**, that any Authorized Officer, in each case, acting singly or jointly, be, and each is hereby, authorized, empowered, and directed (consistent with the terms of the RSA) to, in the name and on behalf of the Robertshaw Entities, to execute and deliver any amendments, supplements, modification, renewals, replacements, consolidations, substitutions, and extensions of the RSA and/or any related documents which shall, in such Authorized Officer's sole judgment, be necessary, proper or advisable.

**APPROVAL OF BANKRUPTCY FILING**

**RESOLVED**, that each of the Robertshaw Entities is hereby authorized to file or cause to be filed the applicable Chapter 11 Case; and it is further

**RESOLVED**, that any Authorized Officer, in each case, acting singly or jointly, be, and each is hereby, authorized, empowered, and directed, with full power of delegation, to negotiate, execute, deliver, and file in the name and on behalf of the applicable Robertshaw Entity, and under its respective seal or otherwise, all petitions, motions, lists, applications, pleadings, schedules, statements, papers, affidavits, declarations, proposed orders, and other documents in the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**") and, in connection therewith, to take and perform any and all further acts and deeds which such Authorized Officer deems necessary, proper, or desirable in connection with the Chapter 11 Cases, including, without limitation, (a) the payment of fees, costs, expenses, and taxes such Authorized Officer deems necessary, appropriate, or desirable, and (b) negotiating, executing, delivering, performing, filing, and recording any and all additional documents, schedules, statements, lists, papers, agreements, certificates, notices, and instruments (or any amendments, supplements, or modifications thereto) in connection with, or in furtherance of, the Chapter 11 Cases, with a view to the successful prosecution of the Chapter 11 Cases (such acts to be conclusive evidence that such Authorized Officer deemed the same to meet such standard).

**CASH COLLATERAL UTILIZATION**

**WHEREAS**, the Governing Bodies have determined that the Robertshaw Entities will obtain benefits from the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "**Cash Collateral**"), which is security for the Robertshaw Entities' prepetition secured creditors (collectively, the "**Secured Creditors**") under the Robertshaw Entities' secured credit facilities.

**NOW**, **THEREFORE**, **BE IT RESOLVED**, that, in order to use and obtain the benefits of the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, each Robertshaw Entity will provide certain adequate protections to the Secured Creditors (collectively, the "**Adequate Protection Obligations**"), as documented in a proposed interim Cash Collateral order (the "**Cash Collateral Order**") substantially in the form presented to the Governing Bodies on or in advance of the date hereof, with such changes, additions, and modifications thereto, as an Authorized Officer shall approve, such approval to be conclusively evidenced by such Authorized Officer's execution and delivery thereof, to be submitted for approval to the Bankruptcy Court; and it is further

**RESOLVED**, that each Robertshaw Entity, as debtor and debtor in possession under the Bankruptcy Code, hereby is authorized to negotiate and incur the Adequate Protection Obligations, and to undertake any and all related transactions on substantially the same terms as contemplated under the Cash Collateral Order (collectively, the "**Adequate Protection Transactions**"); and it is further

**RESOLVED**, that in connection with the Chapter 11 Cases, the Authorized Officers be, and they hereby are, authorized and directed, and each of them acting alone hereby is, authorized,

directed, and empowered in the name of, and on behalf of, the applicable Robertshaw Entity, as debtor and debtor in possession, to seek approval of the use of Cash Collateral and the Adequate Protection Transactions pursuant to a postpetition order in interim and final form, and any Authorized Officer be, and hereby is, authorized, empowered, and directed to negotiate, execute, and deliver any and all agreements, instruments, or documents, by or on behalf of the applicable Robertshaw Entity, necessary to implement the postpetition use of Cash Collateral and the Adequate Protection Transactions, as well as any additional or further agreements for the use of Cash Collateral in connection with the Chapter 11 Cases, which agreements may require the applicable Robertshaw Entity to grant adequate protection and liens to such Robertshaw Entity's Secured Creditors and each other agreement, instrument, or document to be executed and delivered in connection therewith, by or on behalf of the Robertshaw Entity pursuant thereto or in connection therewith, all with such changes therein and additions thereto as such Authorized Officer approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof.

**DEBTOR-IN-POSSESSION FINANCING**

**WHEREAS**, the Governing Bodies have determined that the Robertshaw Entities will obtain benefits from the procurement of postpetition financing and it is thus advisable and in the best interest of the Robertshaw Entities to enter into the DIP Financing Documents (as defined below) to which they are each a party; and

**WHEREAS**, that in connection with the Chapter 11 Cases, the Governing Bodies have determined that it is in the best interest of the Robertshaw Entities to consummate the transactions under that certain senior secured super-priority debtor-in-possession credit facility consisting of multi-draw new delayed-draw term loans to be made from time to time in an aggregate principal amount of up to approximately $55 million or such other reasonably similar amount as determined by the applicable Authorized Officer, to be evidenced by that certain Senior Secured Super-Priority Debtor-in-Possession Credit Agreement, by and among the Robertshaw Entities on the one hand, and the lenders party thereto, with an administrative agent and collateral agent to be determined, on the other hand (together with the exhibits and schedules annexed thereto, the "**DIP Credit Agreement**") subject to approval by the Bankruptcy Court, which is necessary and appropriate to conduct the business of the Robertshaw Entities (the "**DIP Financing**").

**NOW**, **THEREFORE**, **BE IT RESOLVED**, that the granting of liens and security interests on any and all assets of the Robertshaw Entities to secure the DIP Financing is hereby approved; and it is further

**RESOLVED**, that any Authorized Officer, in each case, acting singly or jointly, be, and each is hereby, authorized, empowered, and directed, to approve the form, terms, and provisions of the DIP Credit Agreement, including the use of proceeds to provide liquidity for the Robertshaw Entities throughout the Chapter 11 Cases and such other uses as described in the DIP Credit Agreement, any and all guarantees, security agreements, pledge agreements, reaffirmations, promissory notes, fee letters, escrow agreements, letters, notices, certificates, documents, and instruments authorized, executed, delivered, reaffirmed, verified, and filed, registered, or recorded in connection with the DIP Financing (collectively, the "**DIP Financing Documents**") or that may be necessary, appropriate, desirable, or advisable in connection with the DIP Credit Agreement

and the transactions contemplated thereby or otherwise contemplated by the DIP Credit Agreement or by any such other DIP Financing Document; and it is further

**RESOLVED**, that any Authorized Officer, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of the Robertshaw Entities, to cause the Robertshaw Entities to enter into, execute, deliver, in the name and on behalf of the Robertshaw Entities, to cause the Robertshaw Entities to enter into, execute, deliver, file, and record, and perform the obligations arising under, the DIP Credit Agreement and any other DIP Financing Document, together with such other documents, agreements, instruments, and certificates as may be required by the DIP Credit Agreement and any other DIP Financing Document, in accordance with the terms thereof; and it is further

**RESOLVED**, that any Authorized Officer, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of the Robertshaw Entities, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the DIP Credit Agreement and any other DIP Financing Document and any related documents or instruments which shall, in such Authorized Officer's sole judgment, be necessary, proper, or advisable; and is it further

**RESOLVED**, that any Authorized Officer, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, to, on behalf of the Robertshaw Entities, seek authorization to incur the obligations under the DIP Financing pursuant to a postpetition financing order in interim and final form, and any Authorized Officer be, and hereby is, authorized, empowered, and directed to negotiate, execute, and deliver any and all agreements, instruments, or documents, by or on behalf of the Robertshaw Entities, necessary to implement the postpetition financing, as well as any additional or further agreements for entry into the DIP Credit Agreement in connection with the Chapter 11 Cases, which agreements may require the Robertshaw Entities to grant adequate protection and liens to the Secured Creditors and each other agreement, instrument, or document to be executed and delivered in connection therewith, by or on behalf of the Robertshaw Entities pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorized Officer approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof.

**SALE AND BIDDING PROCEDURES**

**WHEREAS**, the RSA, among other things, contemplates the sale of certain assets of the Robertshaw Entities on terms consistent with the term sheet annexed to the RSA; and

**WHEREAS**, the Governing Bodies have determined, after due consultation with management, legal advisors, financial advisors and investment bankers of the Robertshaw Entities, that it is desirable and in the best interest of the Robertshaw Entities, their creditors, and other parties in interest that, in connection with the Chapter 11 Cases, (a) the Robertshaw Entities enter into the following agreement to divest certain assets of the Robertshaw Entities described in the Asset Purchase Agreement by and among the Robertshaw Entities as Sellers and an entity formed by certain secured lenders to the Robertshaw Entities (including (i) Bain Capital LP; (ii) Eaton Vance Management; and (iii) Canyon Partners, LLC) and One Rock Capital Partners II, LP as Buyer (the "**Stalking Horse APA**"), a copy of which has been presented to the Governing

Bodies and (b) the Governing Bodies approve bidding procedures (together with any exhibits and other attachments annexed thereto, the "**Bidding Procedures**") subject to approval by the Bankruptcy Court.

**NOW, THEREFORE, BE IT RESOLVED,** that, subject to any approval of the Bankruptcy Court, as required in the Chapter 11 Cases, the execution, delivery and performance of the Robertshaw Entities under the Stalking Horse APA in substantially the form presented to the Governing Bodies, and the consummation of the transaction contemplated thereby, and the execution, delivery and performance of the Robertshaw Entities of all agreements constituting exhibits to the Stalking Horse APA or otherwise related thereto to which each Robertshaw Entity is a party (the "**Ancillary Transaction Documents**"), are hereby authorized and approved, and any Authorized Officers, acting singly or jointly shall be authorized, empowered, and directed, in the name and on behalf of the Robertshaw Entities, to execute and deliver the Stalking Horse APA and the Ancillary Transaction Documents, in each case, in substantially the form presented to the Governing Bodies, with such changes therein and additions thereto, as the Authorized Officer executing the same shall deem necessary, advisable or appropriate, with the execution and delivery of the Stalking Horse APA and the Ancillary Transaction Documents as conclusive evidence that such Authorized Officer deemed the same to be necessary, advisable or appropriate; and it is further

**RESOLVED**, that the Governing Bodies hereby delegate to each Authorized Officer the authority to approve the form, terms, and provisions of the Bidding Procedures and the execution, delivery, and performance thereof and the consummation of the transactions contemplated thereunder by the Robertshaw Entities, including, without limitation, the amount of and the making of any payments to be made in connection therewith; and it is further

**RESOLVED**, that any Authorized Officer, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of the Robertshaw Entities, to cause the Robertshaw Entities to enter into, execute, deliver, certify, file and/or record, and perform the obligations arising under, the Bidding Procedures together with such other documents, agreements, instruments, notices, and certificates as may be required by the Bidding Procedures; and it is further

**RESOLVED**, that any Authorized Officer, in each case, acting singly or jointly be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of the Robertshaw Entities, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and executions of the Bidding Procedures and/or any related documents which shall, in such Authorized Officer's sole judgment, be necessary, proper or advisable.

**COMMENCEMENT OF DECLARATORY JUDGMENT ACTIONS RELATED TO PREPETITION TRANSACTION LITIGATIONS**

**WHEREAS**, reference is made to that certain Super-Priority Credit Agreement, dated as of May 9, 2023 (as amended, restated, supplemented or otherwise modified from time to time, the "**Credit Agreement**"), by and among Robertshaw US, Range Parent, the other Guarantors party thereto from time to time, the financial institutions from time to time party thereto as lenders (collectively, the "**Lenders**"), the other parties thereto, and Delaware Trust Company, as

administrative and collateral agent (in such capacities, the "**Administrative Agent**") for the Lenders (the transactions contemplated by the Credit Agreement, collectively the "**May 2023 Transaction**"); and

**WHEREAS**, certain lenders under the Robertshaw Entities' preexisting credit facilities who did not participate in the May 2023 Transaction (the "**Non-Participating Lenders**") filed a complaint captioned *The Guardian Life Insurance Company of America, et al. v. Robertshaw US Holding Corp., et al.* in the New York State Supreme Court against Robertshaw US, Range Parent, the Lenders and certain other parties, including One Rock Capital Partners, LLC, alleging various causes of action regarding the May 2023 Transaction (the "**May 2023 Transaction Litigation**"); and

**WHEREAS**, the Governing Bodies have determined that the filing of a declaratory judgment action through an adversary proceeding commenced in the Bankruptcy Court contemporaneous with the commencement of the Chapter 11 Cases to resolve the matters at issue in the May 2023 Transaction Litigation (the "**May 2023 Declaratory Judgment Action**") will aid the Robertshaw Entities' ability to successfully prosecute the Chapter 11 Cases; and

**WHEREAS**, reference is made to that certain Amendment No. 5 to the Credit Agreement, dated as of December 11, 2023 ("**Amendment No. 5**"), by and among Robertshaw US, Range Parent, the Subsidiary Borrowers party thereto, the Guarantors party thereto, Range Finance Investors, L.P. as a lender, each other lender party thereto, and the Administrative Agent (as successor agent) (the transactions contemplated by Amendment No. 5, collectively the "**December 2023 Transaction**"); and

**WHEREAS**, Invesco Senior Secured Management, Inc. filed a complaint captioned *Invesco Senior Secured Management, Inc., v. Robertshaw US Holding Corp., et al.*, against Robertshaw US and certain other parties, including One Rock Capital Partners, LLC, in the New York State Supreme Court seeking to temporarily restrain the December 2023 Transaction and asserting certain other causes of action (the "**December 2023 Transaction Litigation**" and together with the May 2023 Transaction Litigation, the "**Prepetition Transaction Litigations**"); and

**WHEREAS**, the Governing Bodies have determined that the filing of a declaratory judgment action through an adversary proceeding commenced in the Bankruptcy Court contemporaneous with the commencement of the Chapter 11 Cases to resolve the matters at issue in the December 2023 Transaction Litigation (the "**December 2023 Declaratory Judgment Action**" and together with the May 2023 Declaratory Judgment Action, the "**Declaratory Judgment Actions")** will aid the Robertshaw Entities' ability to successfully prosecute the Chapter 11 Cases; and

**WHEREAS**, the Robertshaw Entities owe indemnity obligations to certain non-debtor parties and, thus, the continued prosecution of the May 2023 Transaction Litigation would harm the Robertshaw Entities' prospects of emerging from the Chapter 11 Cases absent relief from the Bankruptcy Court; and

**WHEREAS**, the Governing Bodies have further determined, due to certain identities of interest between the Robertshaw Entities and certain non-debtor parties in the respective Prepetition Transaction Litigations, that it is prudent to file a motion in each of the Declaratory Judgment Actions seeking a declaration from the Bankruptcy Court that the automatic stay applies to or should be extended to certain non-debtor parties in the respective Prepetition Transaction Litigations pursuant to sections 362(a) and 105(a) of the Bankruptcy Code and that doing so will aid the Robertshaw Entities' ability to emerge from the Chapter 11 Cases (the "**Automatic Stay Declaratory Actions**").

**NOW, THEREFORE, BE IT RESOLVED**, that any Authorized Officer, in each case, acting singly or jointly, be, and each is hereby, authorized, empowered, and directed, with full power of delegation, to negotiate, execute, deliver, and file in the name and on behalf of the Robertshaw Entities, and under its respective seal or otherwise, (a) the Declaratory Judgment Actions through the commencement of two separate adversary proceedings and (b) the Automatic Stay Declaratory Actions through two separate motions filed in the respective adversary proceedings, and all statements, motions, lists, pleadings, papers, affidavits, declarations, proposed orders, and other documents in the Bankruptcy Court and, in connection therewith, to take and perform any and all further acts and deeds which such Authorized Officer deems necessary, proper, or desirable in connection with the prosecution of the Declaratory Judgment Actions and Automatic Stay Declaratory Actions, including, without limitation, (a) the payment of fees, costs, expenses, and taxes such Authorized Officer deems necessary, appropriate, or desirable, and (b) negotiating, executing, delivering, performing, filing, and recording any and all additional documents, schedules, statements, lists, papers, agreements, certificates, notices, and instruments (or any amendments, supplements, or modifications thereto) in connection with, or in furtherance of, the prosecution of the Declaratory Judgment Actions and Automatic Stay Declaratory Actions.

**RETENTION OF PROFESSIONALS**

**WHEREAS**, the Robertshaw Entities require the assistance of counsel and other professionals to assist in the prosecution of the Chapter 11 Cases.

**NOW, THEREFORE, BE IT RESOLVED**, that each of the Authorized Officers be, and each of them hereby is, authorized and directed, on behalf of and in the name of the applicable Robertshaw Entities, to employ the law firm of Latham & Watkins LLP ("**Latham**") to represent and advise the Robertshaw Entities in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Robertshaw Entities' rights and obligations, including filing any pleadings, in connection with the Chapter 11 Cases, and each Authorized Officer is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to the filing of the Chapter 11 Cases, and cause to be filed an appropriate application with the Bankruptcy Court for authority to retain the services of Latham; and it is further

**RESOLVED**, that each of the Authorized Officers be, and each of them hereby is, authorized and directed, on behalf of and in the name of the applicable Robertshaw Entity, to employ the law firm of Hunton Andrews Kurth LLP ("**Hunton**") as counsel to represent and advise the Robertshaw Entities in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Robertshaw Entities' rights and obligations, including filing

any pleadings, in connection with the Chapter 11 Cases, and each Authorized Officer is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to the filing of the Chapter 11 Cases, and cause to be filed an appropriate application with the Bankruptcy Court for authority to retain the services of Hunton; and it is further

**RESOLVED**, that each of the Authorized Officers be, and each of them hereby is, authorized and directed, on behalf of and in the name of the applicable Robertshaw Entity, to employ the firm of Guggenheim Securities, LLC ("**Guggenheim**") as investment banker and financial advisor, to represent and assist the Robertshaw Entities in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Robertshaw Entities' rights and obligations in connection with the Chapter 11 Cases, and each of the Authorized Officers is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to the filing of the Chapter 11 Cases, and cause to be filed an appropriate application with the Bankruptcy Court for authority to retain the services of Guggenheim; and it is further

**RESOLVED**, that each of the Authorized Officers be, and each of them hereby is, authorized and directed, on behalf of and in the name of the applicable Robertshaw Entity, to employ the firm of KPMG LLP ("**KPMG**") as accountant, tax advisor, and auditor, to represent and assist the Robertshaw Entities in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Robertshaw Entities' rights and obligations in connection with the Chapter 11 Cases, and each of the Authorized Officers is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to the filing of the Chapter 11 Cases, and cause to be filed an appropriate application with the Bankruptcy Court for authority to retain the services of KPMG; and it is further

**RESOLVED**, that each of the Authorized Officers be, and each of them hereby is, authorized and directed, on behalf of and in the name of the applicable Robertshaw Entity, to employ the firm of Weil, Gotshal & Manges LLP ("**Weil**"), as special investigative counsel, to represent and assist the Robertshaw Entities in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Robertshaw Entities' rights and obligations in connection with the Chapter 11 Cases, and each of the Authorized Officers is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to the filing of the Chapter 11 Cases, and cause to be filed an appropriate application with the Bankruptcy Court for authority to retain the services of Weil; and it is further

**RESOLVED**, that each of the Authorized Officers be, and each of them hereby is, authorized and directed, on behalf of and in the name of the applicable Robertshaw Entity, to employ the firm of AlixPartners, LLP ("**AlixPartners**"), as restructuring advisor, to represent and assist the Robertshaw Entities in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Robertshaw Entities' rights and obligations in connection with the Chapter 11 Cases, and each of the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to the filing of the Chapter 11 Cases, and cause to be filed an appropriate application with the Bankruptcy Court for authority to retain the services of AlixPartners; and it is further

**RESOLVED**, that each of the Authorized Officers be, and each of them hereby is, authorized and directed, on behalf of and in the name of the applicable Robertshaw Entity, to

employ the firm of Kroll Restructuring Administration LLC ("**Kroll**"), as claims, noticing, soliciting, and balloting agent, to assist the Robertshaw Entities in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Robertshaw Entities' rights and obligations in connection with the Chapter 11 Cases, and each of the Authorized Officers is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to the filing of the Chapter 11 Cases, and cause to be filed an appropriate application with the Bankruptcy Court for authority to retain the services of Kroll; and it is further

**RESOLVED**, that each of the Authorized Officers be, and each of them hereby is, authorized and directed, on behalf of and in the name of the applicable Robertshaw Entity, to employ any other professionals necessary to assist the Robertshaw Entities in carrying out their duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Officers is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to the filing of the Chapter 11 Cases and cause to be filed appropriate applications with the Bankruptcy Court for authority to retain the services of any other professionals, as necessary; and it is further

**RESOLVED**, that all acts, actions, and transactions done, taken or completed in connection with the retention of professionals, that are consistent with the foregoing resolutions done in the name of and on behalf of the Robertshaw Entities, which acts would have been approved by the foregoing resolutions except that such acts were taken before these resolutions were certified, are hereby adopted, ratified, confirmed, and approved in all respects as the acts and deeds of the Robertshaw Entities.

**GENERAL RESOLUTIONS**

**RESOLVED**, that the Authorized Officers be, and each of them acting alone hereby is, authorized, empowered and directed, in the name and on behalf of the applicable Robertshaw Entity, to make or cause to be made, and to execute and deliver, all such agreements, contracts, deeds, documents, papers, instruments and certifications, and to do or cause to be done all such acts and things, and to take all such steps, and to make all such filings, payments and remittances, as any one or more of such Authorized Officers may at any time or times deem to be necessary or desirable in connection with or in furtherance of and in order to carry out the full intent and purpose of the foregoing resolutions, and to accomplish the actions set forth therein, such determination being conclusively evidenced by such execution, delivery, action or filing; and it is further

**RESOLVED**, that any and all past actions heretofore taken by any Authorized Officer of the Robertshaw Entities in the name and on behalf of the Robertshaw Entities in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, reaffirmed, and approved in all respects; and it is further

**RESOLVED**, that the respective secretary of each Robertshaw Entity be, and hereby is, authorized and directed to insert this Omnibus Consent in the minute book of the such Robertshaw Entity as an action of applicable Governing Body.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| ROBERTSHAW US HOLDING CORP., | : | Case No. 24-_____ (___) |
| Debtor. | : | |

**CORPORATE OWNERSHIP STATEMENT**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Equity Interest Holder | Approximate Percentage of Equity Interests Held |
|---|---|
| Range Parent, Inc. | 100% |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| ROBERTSHAW US HOLDING CORP., | : | Case No. 24-_____ (___) |
| Debtor. | : | |

**LIST OF EQUITY SECURITY HOLDERS**[1]

Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the above-captioned debtor and debtor in possession (the "**Debtor**") respectfully represents that the following is the list of holders of the Debtor's sole class of equity or membership interests:

☐ There are no equity security holders or corporations that directly or indirectly own 10% or more of any class of the Debtor's equity interest.

☒ The following are the Debtor's equity security holders (list holders of each class, showing the number and kind of interests registered in the name of each holder, and the last known address or place of business of each holder):

| Name and Last Known Address of Place of Business of Holder | Kind/Class of Interest | Percentage of Interests Held |
|---|---|---|
| Range Parent, Inc.<br>1222 Hamilton Parkway<br>Itasca, IL 60143 | Common Equity | 100% |

[1] This list serves as the required disclosure by the Debtors pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure. All equity positions listed are as of the date of commencement of the Chapter 11 Cases.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| ROBERTSHAW US HOLDING CORP., *et al.*, | : | Case No. 24 -_____ (___) |
| Debtors.[1] | : | (Joint Administration Requested) |

**CONSOLIDATED LIST OF CREDITORS WHO HAVE THE 30 LARGEST UNSECURED CLAIMS AND ARE NOT INSIDERS**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby certify that the *Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* submitted herewith contains the names and addresses of the Debtors' top 30 unsecured creditors. The list has been prepared from the unaudited books and records of the Debtors. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in the Debtors' chapter 11 cases. The information contained herein shall not constitute an admission of liability by, nor is it binding on, the Debtors. Moreover, nothing herein shall affect the Debtors' rights to challenge the amount or characterization of any claim at a later date. The failure to list a claim as contingent, unliquidated or disputed does not constitute a waiver of the Debtors' rights to contest the validity, priority and/or amount of any such claim.

[1] The debtors in these cases, along with the last four digits of each debtor's federal tax identification number, are as follows: Range Parent, Inc. (7956); Robertshaw US Holding Corp. (1898); Robertshaw Controls Company (9531); Burner Systems International, Inc. (8603); Robertshaw Mexican Holdings LLC (9531); Controles Temex Holdings LLC (9531); Universal Tubular Systems, LLC (8603); and Robertshaw Europe Holdings LLC (8843). The primary mailing address used for each of the foregoing debtors is 1222 Hamilton Parkway, Itasca, Illinois 60143.

| Fill in this information to identify the case: |
|---|
| Debtor name: Robertshaw US Holding Corp., et al. |
| United States Bankruptcy Court for the: Southern District of Texas |
| Case number (If known): |

❑ Check if this is an amended filing

## Official Form 204

# Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

**A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.**

**The Debtors reserve the right to modify, recharacterize, or dispute any claim reflected herein.**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Bain & Company, Inc.<br>131 Dartmouth Street<br>Boston, MA 02116 | Mark Kovac<br>214-777-1680 | Professional Services | | | | $2,909,500 |
| 2 | Alvarez & Marsal Private Equity Improvement Group<br>600 Madison Avenue<br>8th Floor<br>New York,NY 10022 | jbarreto@alvarezandmarsal.com<br>646-717-0661 | Professional Services | | | | $1,213,076 |
| 3 | Providence Enterprise LTD<br>Unit 13-15, 6/F Grand City PLZ No.1,<br>Sai Lau Kok Road Tsuen Wan, N.T.,<br>Hong Kong | janvichan@providencechina.com<br>011-852-24152293 | Trade Vendor | | | | $1,010,219 |
| 4 | Elektrisola S.A. de C.V.<br>Periferico Manuel Gomez Morin 1800 CD<br>Cuauhtemoc,Chihuahua 31500<br>Mexico | C Mendoza<br>CMendoza@elektrisola.com.mx<br>011 52 625 58 19000 | Trade Vendor | | | | $998,535 |
| 5 | Serviacero Planos S de R L de C V<br>Blvd Hermanos Aldama #4002,<br>Ciudad Industrial<br>Leon,Guanajuato 37490<br>Mexico | Carlos Montelongo<br>carlos.montelongo@serviacero.com<br>812-282-2050 | Trade Vendor | | | | $833,028 |
| 6 | Arrow Electronics Group<br>1162 Springlake Dr<br>Itasca,IL 60137 | Bryson Olejnik<br>Bryson.Olejnik@arrow.com<br>630-775-7167 | Trade Vendor | | | | $792,647 |
| 7 | Nexeo Plastics, LLC<br>1780 Hughes Landing Boulevard<br>Suite 1000<br>The Woodlands,TX 77380 | plasticsremit@nexeoplastics.com<br>1-847-263-6673 | Trade Vendor | | | | $660,011 |
| 8 | Deringer Ney Inc<br>616 Atrium Drive,<br>Suite 100<br>Vernon Hills,IL 60061 | Bill Schmitz<br>Accounts_Receivable@deringerney.com<br>847-932-6800 | Trade Vendor | | | | $515,305 |
| 9 | Touch International Inc<br>2222 W. Rundberg Ln., Suite 200<br>Austin, TX 78748 | S Travis<br>stravis@touchintl.com<br>512-646-0311 | Trade Vendor | | | | $476,526 |
| 10 | Ashwani Metals Pvt Ltd<br>Plot 17, GIDC-II,<br>Dared Jamnagar,GJ 361004<br>India | R Ashwin Gajera<br>+91-75677-52541 | Trade Vendor | | | | $474,219 |
| 11 | SDI Inc<br>1414 Radcliffe Street, Suite 300<br>Bristol, PA 19007 | Cecilia Rubio<br>Cecilia.Rubio@sdi.com;<br>215-633-1906 | Trade Vendor | | | | $465,540 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 12 | Christy Metal Inc<br>2810 Old Willow Road<br>Northbrook, IL 60062 | Lance Shelton<br>849 729 7923<br>lance@christymetals.com | Trade Vendor | | | | $455,723 |
| 13 | Empaques Rio Grande SA DE CV<br>Benito Juarez 2040<br>H Matamoros,Tamaulipas 87340<br>Mexico | cortega@boxes.mx<br>01 868 810-9100 | Trade Vendor | | | | $448,686 |
| 14 | Modern Metal & Refining Ltd<br>PO Box 11349<br>1705 Dabney Road<br>Richmond,VA 23230 | Cath Huang<br>cathy.huang@ssmmr.com | Trade Vendor | | | | $424,837 |
| 15 | San Metal San Ve Tic A.S.<br>Pelitli Mahallesi Sanayi Caddesi No:33<br>41400<br>Gebze-Kocaeli, TURKEY | Cihan Ozcan<br>cihan@sanmetal.com.tr<br>0090 262 751 0969 | Trade Vendor | | | | $395,347 |
| 16 | Fox Valley Molding Inc<br>113 S Center Street<br>Plano, IL 60545 | Lydia F<br>LydiaF@foxvalleymolding.com<br>630-552-3176 | Trade Vendor | | | | $386,372 |
| 17 | Shelby Welded Tube<br>5578 State Route 61<br>North Shelby,OH 44875 | Kelly Kleman<br>419-347-1720 ext 12 | Trade Vendor | | | | $382,815 |
| 18 | Moody's Investors Service Inc<br>7 WTC @ 250 Greenwich St<br>New York,NY 10007 | Ben Stuckenbrock<br>ben.struckenbrock@moody's.com<br>212-553-0590 | Rating Agency | | | | $372,460 |
| 19 | Engineered Material Solutions<br>39 Perry Ave<br>Attleboro,MA 02703 | Dave Garrtner<br>dgartner@emsclad.com<br>508-342-2168 | Trade Vendor | | | | $336,475 |
| 20 | Van Norman Molding LLC<br>9615 S 76th Avenue<br>Bridgeview,IL 60455 | Bob Andre<br>BobAndre@vannormanmolding.com<br>708 430 4343 | Trade Vendor | | | | $306,929 |
| 21 | Vernay Laboratories<br>2077 Convention Center Concourse,<br>Suite 225<br>College Park,GA 30337 | Christian Deschenes<br>christiandeschenes@vernay.com<br>404 994 2000 | Trade Vendor | | | | $295,397 |
| 22 | Supply Technologies<br>6065 Parkland Blvd<br>Cleveland, OH 44124 | Michael Choate<br>512-220-1307 | Trade Vendor | | | | $294,993 |
| 23 | Ernst & Young<br>200 Plaza Drive<br>Secaucus,NJ 07094 | Ryan Chance<br>ryan.chance@ey.com<br>414-223-7406 | Professional Services | | | | $259,774 |
| 24 | Shanghai K&J International Co Ltd<br>RM 5L NO 1590 West Yan An Rd<br>Shanghai, Shanghai 200050<br>China | Ling Chen<br>whg188@188.com<br>021-62293221 | Trade Vendor | | | | $252,584 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 25 | JMS Of Holland, Inc.<br>1010 Productions Place<br>Holland, MI 49423 | R Culver<br>r.culver@jmsincorporated.com<br>616 796 2727 | Trade Vendor | | | | $246,659 |
| 26 | Middletown Tube Works, Inc.<br>2201 Trine Street<br>Middletown, OH 45042 | Marvin Phillips<br>mphillips@middletowntube.com<br>513 727 0080 | Trade Vendor | | | | $239,899 |
| 27 | Gulf USA Inc<br>343-A Oates Road<br>Mooresville, NC 28117 | Sheila Miller<br>Sheila.Miller@gulfrubber.com<br>704 966 2170 | Trade Vendor | | | | $224,769 |
| 28 | Trelleborg Sealing Solutions Midwest<br>20 Martingale Road, Suite 210<br>Schaumburg, IL 60173 | TSSUSRemit@trelleborg.com<br>630-539-5500 | Trade Vendor | | | | $223,014 |
| 29 | Midwest Insert Composite Molding & Assembly<br>3940 Industrial Ave<br>Rolling Meadows,IL 60008 | Manish Patel<br>ajpatel@micmolding.com<br>630-400-6932 | Trade Vendor | | | | $219,600 |
| 30 | Avnet Electronics Marketing<br>2021 Lakeside Blvd<br>Richardson,TX 75082 | Lupita Soto<br>Avnet-Pmt-Remit@avnet.com<br>214-343-5922 | Trade Vendor | | | | $213,752 |

| Fill in this information to identify the case and this filing: | | |
|---|---|---|
| Debtor Name **Robertshaw US Holding Corp.** | | |
| United States Bankruptcy Court for the: | **Southern District of Texas** | |
| | | (State) |
| Case number (If known): | | |

# Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ Schedule A/B: Assets-Real and Personal Property *(Official Form 206A/B)*

☐ Schedule D: Creditors Who Have Claims Secured by Property *(Official Form 206D)*

☐ Schedule E/F: Creditors Who Have Unsecured Claims *(Official Form 206E/F)*

☐ Schedule G: Executory Contracts and Unexpired Leases *(Official Form 206G)*

☐ Schedule H: Codebtors *(Official Form 206H)*

☐ Summary of Assets and Liabilities for Non-Individuals *(Official Form 206Sum)*

☐ Amended Schedule ____

☒ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)

☒ Other document that requires a declaration **List of Equity Security Holders and Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **2/15/2024**
MM/ DD/YYYY

☒ ***/s/ John Hewitt***
Signature of individual signing on behalf of debtor

**John Hewitt**
Printed name

**Chief Executive Officer**
Position or relationship to debtor