IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

---------------------------------------------------------- x
:
In re: : Chapter 11
:
ROBERTSHAW US HOLDING CORP., *et al.*,: Case No. 24-90052 (CML)
:
Debtors.[1] : (Jointly Administered)
:
---------------------------------------------------------- x

## DEBTORS' APPLICATION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE EMPLOYMENT AND RETENTION OF LATHAM & WATKINS LLP AS BANKRUPTCY COUNSEL AND (II) GRANTING RELATED RELIEF

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this application was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this application was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

The above-captioned debtors in possession (collectively, the "Debtors") respectfully state as follows in support of this application (this "Application"):

### RELIEF REQUESTED

1. The Debtors seek entry of an order, substantially in the form attached hereto (the "Order"): (a) authorizing the employment and retention of Latham & Watkins LLP ("L&W") as bankruptcy counsel for the Debtors, effective as of the Petition Date (as defined below) in

---

[1] The debtors in these cases, along with the last four digits of each debtor's federal tax identification number, are as follows: Range Parent, Inc. (7956); Robertshaw US Holding Corp. (1898); Robertshaw Controls Company (9531); Burner Systems International, Inc. (8603); Robertshaw Mexican Holdings LLC (9531); Controles Temex Holdings LLC (9531); Universal Tubular Systems, LLC (8603); and Robertshaw Europe Holdings LLC (8843). The primary mailing address used for each of the foregoing debtors is 1222 Hamilton Parkway, Itasca, Illinois 60143.

US-DOCS\146751275.3

accordance with the terms and conditions of the 2023 Engagement Letter (as defined below), a copy of which is attached as Exhibit A to the Order, and (b) granting related relief.

2. In support of this Application, the Debtors submit (a) the *Declaration of George Klidonas and Disclosure Statement of Latham & Watkins LLP*, which is attached hereto as Exhibit 1 (the "Klidonas Declaration"), and (b) the *Declaration of Aaron Rachelson in Support of the Application of Debtors for Entry of an Order Authorizing Employment and Retention of Latham & Watkins LLP as Bankruptcy Counsel*, which is attached hereto as Exhibit 2 (the "Retention Declaration").

3. This Application is filed within 30 days of the Petition Date and, pursuant to Rule 2014-1of the Bankruptcy Local Rules (as defined below) and paragraph 47 of the Complex Case Procedures (as defined below), the Application is deemed contemporaneous with the Petition Date and entitled to relief effective as of the Petition Date. *See* Local BR 2014-1(b)(1) ("If an application for approval of the employment of a professional is made within 30 days of the commencement of that professional's provision of services, it is deemed contemporaneous."); *see also* Complex Case Procedures, ¶ 47.

## JURISDICTION AND VENUE

4. The United States Bankruptcy Court for the Southern District of Texas (this "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157, and the Court may enter a final order consistent with Article III of the United States Constitution.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The bases for the relief requested herein are sections 327(a), 330 and 1107 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), rules 2014-1 and 2016-1

of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules"), and the Procedures for Complex Cases in the Southern District of Texas.

## BACKGROUND

6. The Debtors, along with their non-Debtor affiliates (collectively, "Robertshaw"), are a global leader in designing and manufacturing innovative control systems and components for the HVAC and appliance industries. Robertshaw specializes in creating solutions that optimize energy efficiency, comfort, and performance in a variety of applications. Robertshaw operates on a worldwide scale, with a presence in key markets across North America, Europe, Asia, and Latin America. Since Frederick W. Robertshaw invented an innovative home water heater thermostat in 1899, Robertshaw has continued to pioneer cutting-edge technologies that enhance the functionality and sustainability of heating, ventilation, air conditioning, and appliance systems.

7. On February 15, 2024 (the "Petition Date"), the Debtors filed voluntary petitions in this Court commencing these chapter 11 cases. The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of these chapter 11 cases, is set forth in detail in the *Declaration of John Hewitt in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 19] (the "First Day Declaration"),[2] which is fully incorporated herein by reference.

8. On the Petition Date, the Court entered an Order [Docket No. 42] pursuant to Bankruptcy Rule 1015(b) ordering joint administration of these cases and for consolidation for procedural purposes only.

---

[2] Capitalized terms used by not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

3

9.      The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108. On February 23, 2024, the United States Trustee for the Southern District of Texas appointed the Official Committee of Unsecured Creditors (as reconstituted on February 24, 2024, the "Committee") [Docket Nos. 211, 218]. As of the date hereof, no trustee or examiner has been requested in these chapter 11 cases.

## L&W'S QUALIFICATIONS

10.      L&W is an international law firm with offices across the United States, Europe, and Asia. L&W and its partners have represented numerous debtors in their bankruptcy matters, including, but not limited to: *Alta Mesa Resources, Inc.*; *Assisted Living Concepts, Inc.; AT&T Latin America, Bally Total Fitness Corporation*; *B456 Systems, Inc.* (f/k/a *A123 Systems, Inc.*); *Barretts Minerals, Inc.*; *Boston Generating, LLC*; *Centrus Energy Corp.* (f/k/a *USEC INC.*); *Chaparral Energy, Inc.*; *Consolidated Freightways*; *Cricket Communications, Inc.*; *Dayton Superior Corporation*; *DVI, Inc.*; *DNIB Unwind, Inc.* (f/k/a *BIND Therapeutics, Inc.*); *Eddie Bauer Holdings, Inc.*; *Emerge Energy Services LP*; *Enduro Resource Partners LLC*; *Freedom Communications Holdings, Inc.*; *Graceway Pharmaceuticals, LLC*; *Green Field Energy Services, Inc.*; *Hexion Holdings LLC; Hi-Crush Inc.*; *Illinois Power Generating Company*; *Imerys Talc America, Inc.*; *Leap Wireless International, Inc.*; *Lincoln Power, L.L.C.*; *Lumileds Holding B.V., MLCJR LLC*; *Monitronics International, Inc.*, *NEC Holdings Corp.*; *OnCure Holdings, Inc.*; *Paddock Enterprises, LLC*; *Panda Temple Power, LLC*; *Regent Communications, Inc.*; *RHI Entertainment, Inc.*; *Spansion Inc.*; *Spectrum Brands Inc.*; *Sorrento Therapeutics, Inc.*; *Stone Energy Corporation; Sundance Energy Inc.*, *Traffic Control and Safety Corporation*; *Tuscany International Holdings (U.S.A.) Ltd.*; *United Australia Pacific, Inc.*; *Weatherford International plc;* and *Virgin Orbit Holdings, Inc*. Likewise, the partners and associates of L&W who will advise

4

the Debtors in the chapter 11 cases have wide-ranging experience handling complex bankruptcy cases and, as appropriate, corporate, finance, litigation and tax matters.

## RETENTION OF L&W

11. The Debtors seek to retain L&W because of L&W's recognized expertise and extensive experience and knowledge practicing before bankruptcy courts in large and complex chapter 11 cases, as well as L&W's knowledge of the Debtors' businesses, financial, and litigation affairs.

12. In regard to the latter, L&W has represented the Debtors since January 2019. Since that time, the Debtors and L&W have worked closely together in connection with certain corporate, finance, tax, and litigation matters that customarily arise in the representation of companies similar to the Debtors. More recently, L&W has worked with the Debtors to devise a strategy to comprehensively address the Debtors' liquidity issues and, ultimately, prepare the chapter 11 cases. On October 16, 2023, L&W entered into an amended engagement agreement (as amended, the "2023 Engagement Letter") with Debtor Range Parent, Inc. ("Range Parent"), pursuant to which L&W agreed to advise Range Parent and the other Debtors in connection with certain corporate, finance, and restructuring matters, including litigation matters arising out of or relating to the foregoing.

13. During the course of its engagement, L&W has worked with the Debtors to explore strategies to address the Debtors' liquidity issues, including by engaging in negotiations with key stakeholders such as the Ad Hoc Group (as defined in the First Day Declaration). L&W has also represented the Debtors in connection with the prepetition litigations that were commenced by certain stakeholders, which litigations involve the same issues that the Debtors have sought to adjudicate in these chapter 11 cases through the filing of two declaratory judgments. As a result,

L&W has become uniquely familiar with the Debtors' historical operations and products, the Debtors' current business affairs, many of the potential legal issues that might arise in the context of the chapter 11 cases, and the prospects for a successful resolution of the chapter 11 cases. Thus, given L&W's extensive dealings with the Debtors and several of their creditor constituencies and the depth of knowledge that L&W has gained over the entirety of its relationship with the Debtors, replacing L&W at this critical juncture would cause significant delays in the Debtors' restructuring efforts and derail the possibility of a successful sale process on the timetable proposed in the Debtors' *Motion for Entry of Orders (I)(A) Approving Asset Purchase Agreement for Sale of All or Substantially All of the Debtors' Assets; (B) Approving Bidding Procedures; (C) Approving Bid Protections; (D) Scheduling an Auction and a Sale Hearing; (E) Approving the Form and Manner of Notice Thereof; and (F) Approving Assumption and Assignment Procedures for Executory Contracts and Unexpired Leases; (II) Approving (A) Sale of Substantially All of Debtors' Assets; and (B) Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (III) Granting Related Relief* [Docket No. 34]. Furthermore, engagement of new counsel would be tremendously disruptive at a time when the Debtors are focused on ensuring a smooth transition into chapter 11 and would require that the Debtors incur significant costs in connection with the engagement of new counsel.

## SCOPE OF SERVICES

14. Consistent with the 2023 Engagement Letter, the Debtors expect L&W to provide the following legal services:

   a. advise the Debtors in connection with their restructuring activities regarding negotiations, litigation, and settlement with creditors and other interested parties to the restructuring;

   b. advise the Debtors with respect to finance and corporate transactions (including one or more potential asset sales);

6

      c.      review of documents;

      d.      preparation of agreements;

      e.      review and prepare pleadings;

      f.      court appearances; and

      g.      all other necessary legal services for the Debtors in connection with the chapter 11 cases.

## NO DUPLICATION OF SERVICES

15.    Concurrently with the filing of this Application, the Debtors anticipate filing an application to retain Hunton Andrews Kurth LLP ("HAK") as their bankruptcy co-counsel and conflicts counsel. Because L&W and HAK will each have a well-defined and distinct role, each counsel will not duplicate the services the other provides to the Debtors. L&W will coordinate with HAK and any other counsel the Debtors retain in the chapter 11 cases to ensure that the legal services each firm provides to the Debtors are not duplicative.

16.    The Debtors also have filed or intend to file applications to employ: (a) Guggenheim Securities, LLC as investment banker; (b) AlixPartners, LLP as financial advisor; (c) Kroll Restructuring Administration LLC ("Kroll") as claims, noticing, and solicitation agent;[3] (d) KPMG LLP to provide tax consulting and compliance services; and (e) Weil, Gotshal & Manges LLP as special litigation counsel in the chapter 11 cases.[4] L&W has advised the Debtors that it intends to monitor carefully the efforts of these other professionals and coordinate with such professionals to clearly delineate their respective duties in order to prevent duplication of efforts. The efficient coordination of the efforts of the Debtors' attorneys and other professionals will greatly add to the effective administration of the chapter 11 cases.

---

[3] The Court entered the *Order Authorizing the Employment and Retention of Kroll Restructuring Administration LLC as Claims, Noticing, and Solicitation Agent* on February 15, 2024 [Docket No. 49].

[4] The Debtors reserve the right to file additional applications to employ certain professionals not enumerated herein.

**DISINTERESTEDNESS**

17. To the best of the Debtors' knowledge, the partners, counsel, and associates of L&W: (a) do not have any connection with any of the Debtors, their affiliates, their creditors, any other party in interest, the U.S. Trustee or any person employed in the office of the same, or any judge in the United States Bankruptcy Court for the Southern District of Texas or any person employed in the offices of the same except as otherwise disclosed in the Klidonas Declaration; (b) are "disinterested persons," as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code; and (c) do not hold or represent any interest adverse to the Debtors' estates.

18. Although L&W does not represent One Rock Capital Partners, LLC ("One Rock") on matters adverse to the Debtors, L&W currently represents One Rock on matters unrelated to the Debtors' restructuring. The Debtors are aware that L&W represents One Rock on such unrelated matters, which include certain mergers and acquisitions, corporate, and other matters, including matters related to several of its portfolio companies (including Nexeo Plastics, LLC, which does business with the Debtors). All of the matters on which L&W represents One Rock or its portfolio companies are unrelated to the Debtors' restructuring and are not adverse to the Debtors. L&W has not, and will not, represent One Rock in connection with the chapter 11 cases or any of the matters set forth in the 2023 Engagement Letter. One Rock was separately represented by Richards, Layton & Finger, P.A. in the financing transactions undertaken by the Debtors in December 2023. Since approximately December 2023, One Rock has been represented by Debevoise & Plimpton LLP ("Debevoise") in connection with the Debtors' restructuring matters and Debevoise will represent One Rock in the chapter 11 cases. The Debtors and One Rock have each consented to L&W's representation of the Debtors in connection with the Debtors'

restructuring and L&W's continued representation of One Rock on unrelated matters going forward.

19. Furthermore, L&W has in the past represented, currently represents, and likely in the future will represent, certain parties in interest in the chapter 11 cases. Except as set forth in the Klidonas Declaration, all such representations are or were in connection with matters wholly unrelated to the Debtors and the chapter 11 cases. Pursuant to section 327(c) of the Bankruptcy Code, L&W is not disqualified from acting as the Debtors' counsel merely because it has represented or currently represents certain parties in interest in matters unrelated to the chapter 11 cases.

20. The Debtors understand that L&W will continue to conduct periodic conflicts analyses to determine whether any conflicts or other disqualifying circumstances exist or arise. If any relevant facts or relationships are discovered, L&W will promptly file a supplemental declaration in accordance with Bankruptcy Rule 2014(a).

## **PROFESSIONAL COMPENSATION AND EXPENSE REIMBURSEMENT**

21. L&W operates in a national marketplace for legal services in which rates are driven by multiple factors relating to the individual lawyer, his or her area of specialization, the firm's expertise, performance, and reputation, the nature of the work involved, and other factors. L&W's hourly rates are designed to compensate L&W fairly for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.

22. L&W's current hourly rates are set forth in the Klidonas Declaration, along with the names and rates of the attorneys with primary responsibility for providing services to the Debtors. Hourly rates vary with the experience and seniority of the individuals assigned and are

subject to periodic adjustments to reflect economic and other conditions.[5] L&W did not agree to any variations from, or alternatives to, its standard or customary billing arrangements for this engagement, and none of the professionals included in this engagement will vary his or her rate based on the geographic location of the chapter 11 cases.

23. Other than the periodic adjustments described above, L&W's hourly rates and the financial terms of the engagement proposed herein are consistent with the rates and terms of L&W's prepetition engagement. As described in the Retention Declaration, the Debtors have reviewed and approved L&W's standard rate structure and determined that it is appropriate and comparable to (a) the rates that L&W charges for non-bankruptcy representations, and (b) the rates of other comparably skilled professionals.

24. Consistent with the 2023 Engagement Letter and L&W's policy with respect to its other clients, L&W will continue to charge the Debtors for all services provided and for other charges and disbursements incurred in the rendition of services. It is L&W's policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client. It is also L&W's policy to charge its clients only the amount actually incurred by L&W in connection with such items.

25. During the course of the chapter 11 cases, L&W will apply to the Court for allowance of compensation for professional services rendered and reimbursement of expenses

---

[5] L&W increases the hourly billing rate of attorneys and paraprofessionals in the form of (a) step increases historically awarded in the ordinary course of business on the basis of advancing seniority and promotion, and (b) periodic increases within each attorney's and paraprofessional's current level of seniority. The step increases do not constitute "rate increases" (as the term is used in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 cases*, effective November 1, 2013). As set forth in the Order, L&W will provide ten business-days' notice to the Debtors and the U.S. Trustee before implementing any periodic increases, and shall file any such notice with the Court.

incurred in the chapter 11 cases in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the Interim Compensation Order,[6] and any applicable orders of the Court. Such applications will constitute a request for interim payment against L&W's reasonable fees and expenses to be determined at the conclusion of the chapter 11 cases.

26. As of the Petition Date, the Debtors did not owe L&W any amounts for legal services rendered before the Petition Date.

27. As set forth in the Klidonas Declaration, during the 90-day period prior to the Petition Date, L&W received payments and advances in the aggregate amount of approximately $7,409,854.92 for services performed and expenses incurred, and to be performed and incurred, including in preparation for the commencement of the chapter 11 cases.

## BASIS FOR RELIEF

28. The Debtors seek retention and employment of L&W as their counsel pursuant to section 327(a) of the Bankruptcy Code, which provides that a debtor, subject to Court approval:

> may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a).

29. Bankruptcy Rule 2014(a) requires that an application for retention include:

> specific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party

---

[6] "Interim Compensation Order" shall mean any order entered by the Court establishing procedures for interim compensation and reimbursement of expenses of retain professionals.

> in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014.

30. The Debtors submit that for all the reasons stated above and in the Klidonas Declaration and the Retention Declaration, the retention and employment of L&W is necessary and in the best interest of the Debtors, their estates, and their creditors and should be approved. Further, as stated in the Klidonas Declaration, L&W is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors' estates and has no connection to the Debtors, their creditors, or other parties in interest, except as may be disclosed in the Klidonas Declaration.

## NOTICE

31. Notice of this Application will be given to: (a) the Office of the United States Trustee for the Southern District of Texas; (b) the Committee; (c) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (d) counsel to ORC; (e) counsel to the Ad Hoc Group; (f) counsel to Invesco; (g) counsel to the May 2023 Litigation Plaintiffs; (h) the United States Attorney's Office for the Southern District of Texas; (i) the Internal Revenue Service; (j) the state attorneys general for states in which the Debtors conduct business; and (k) all parties that have requested or that are required to receive notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, under the circumstances, no other or further notice is required.

32. A copy of this Application is available on (a) the Court's website, at www.txs.uscourts.gov, and (b) the website maintained by the Debtors' proposed Claims and Noticing Agent, Kroll Restructuring Administration LLC, at https://cases.ra.kroll.com/RobertShaw/.

**WHEREFORE**, the Debtors respectfully request entry of the Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated:  February 28, 2024         */s/ Aaron Rachelson*
Aaron Rachelson
General Counsel
Range Parent, Inc.

**Certificate of Service**

  I certify that on February 28, 2024, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas on those parties registered to receive electronic notices.

*/s/ Timothy A. ("Tad") Davidson II*
Timothy A. ("Tad") Davidson II

US-DOCS\146751275.3