IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| ROBERTSHAW US HOLDING CORP., *et al.*, | Case No. 24-90052 (CML) |
| Debtors.[1] | (Jointly Administered) |

**DEBTORS' APPLICATION TO EMPLOY
AND RETAIN HUNTON ANDREWS KURTH LLP AS BANKRUPTCY
CO-COUNSEL FOR THE DEBTORS AND DEBTORS-IN-POSSESSION**

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

The above-captioned debtors in possession (collectively, the "Debtors") respectfully state as follows in support of this application (the "Application"):

**RELIEF REQUESTED**

1. The Debtors seek entry of an order, substantially in the form attached hereto (the "Order"), authorizing the employment and retention of Hunton Andrews Kurth LLP ("Hunton Andrews Kurth" or the "Firm") as bankruptcy co-counsel to the Debtors. In support of

---

[1] The debtors in these cases, along with the last four digits of each debtor's federal tax identification number, are as follows: Range Parent, Inc. (7956); Robertshaw US Holding Corp. (1898); Robertshaw Controls Company (9531); Burner Systems International, Inc. (8603); Robertshaw Mexican Holdings LLC (9531); Controles Temex Holdings LLC (9531); Universal Tubular Systems, LLC (8603); and Robertshaw Europe Holdings LLC (8843). The primary mailing address used for each of the foregoing debtors is 1222 Hamilton Parkway, Itasca, Illinois 60143.

this Application, the Debtors submit the declaration of Timothy A. ("Tad") Davidson II (the "Davidson Declaration"), attached here as **Exhibit A**.

## JURISDICTION AND VENUE

2. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157, and the Court may enter a final order consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are sections 327(a) and 330 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), rules 2014-1 and 2016-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules"), and the Procedures for Complex Cases in the Southern District of Texas (the "Complex Case Procedures").

## BACKGROUND

5. The Debtors, along with their non-Debtor affiliates (the "Non-Debtor Affiliates" and, together with the Debtors, "Robertshaw" or the "Company"), are a global leader in designing and manufacturing innovative control systems and components for the appliance and HVAC industries. Robertshaw specializes in creating safe and reliable solutions that optimize energy efficiency, comfort, and performance in a variety of applications. Robertshaw operates on a worldwide scale, with a presence in key markets across North America, Europe, Asia, and Latin America. Since its founding in 1899, Robertshaw has continued to pioneer cutting-edge technologies that enhance the functionality and sustainability of appliance and heating, ventilation, and air conditioning systems.

2

6. On February 15, 2024, (the "Petition Date"), the Debtors filed voluntary petitions in this Court commencing these chapter 11 cases. The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of these chapter 11 cases, is set forth in detail in the *Declaration of John Hewitt in Support of Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration"), which is fully incorporated herein by reference.[2]

7. The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108. On February 23, 2024, the United States Trustee for the Southern District of Texas appointed the Official Committee of Unsecured Creditors (as reconstituted on February 24, 2024, the "Committee") [Docket Nos. 211, 218]. As of the date hereof, no trustee or examiner has been requested in these chapter 11 cases.

8. On the Petition Date, the Court entered an order [Docket No. 42] pursuant to Bankruptcy Rule 1015(b) ordering joint administration of these cases and for consolidation for procedural purposes only.

**BASIS FOR RELIEF**

9. By this Application, the Debtors respectfully request entry of an order authorizing the Debtors to retain and employ Hunton Andrews Kurth as their bankruptcy co-counsel, in accordance with the terms and conditions set forth in this Application, the Davidson Declaration, and in that certain engagement letter between the Debtors and Hunton Andrews Kurth dated as of November 29, 2023 (the "Engagement Letter"), a copy of which is attached here as **Exhibit B**.

---

[2] The First Day Declaration and other relevant case information is available on the following website maintained by the Debtors' claims, balloting, and noticing agent, Kroll Restructuring Administration LLC, in connection with these chapter 11 cases: https://cases.ra.kroll.com/Robertshaw/.

3

10. The retention of Hunton Andrews Kurth under the terms described in this Application is appropriate under sections 327(a), 328(a), and 329(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Bankruptcy Local Rules 2014-1 and 2016-1.

11. Under section 327(a) of the Bankruptcy Code, a debtor in possession is authorized to employ professional persons "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor in possession] in carrying out [its] duties under this title."[3] Section 1107(b) provides that "a person is not disqualified for employment under section 327 of this title by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case."[4]

### A. Hunton Andrews Kurth's Qualifications

12. The Debtors have determined that the retention of bankruptcy co-counsel is necessary to the successful administration of these chapter 11 cases. The Debtors selected Hunton Andrews Kurth as their bankruptcy co-counsel and seek to employ and retain Hunton Andrews Kurth as their bankruptcy co-counsel for these chapter 11 cases. Hunton Andrews Kurth is a law firm of national prominence with offices in, among others, Texas, New York, California, Virginia, North Carolina, Georgia, Florida, and the District of Columbia. The attorneys at Hunton Andrews Kurth have experience in bankruptcy cases of the size and complexity of these chapter 11 cases. Moreover, Hunton Andrews Kurth is a full service law firm with attorneys experienced in bankruptcy and restructuring, litigation, corporate transactions, energy and infrastructure, real estate, tax, labor, derivatives, environmental law, project finance, as well as other areas of law that may be relevant to services required and the issues presented in these chapter 11 cases.

---

[3] 11 U.S.C. § 327(a).

[4] 11 U.S.C. § 1107(b).

13. Based upon the Firm's experience and the expertise developed by many of its attorneys, Hunton Andrews Kurth's attorneys are experienced in the representation of debtors in possession, are well versed in the Bankruptcy Local Rules, the Complex Case Procedures and local practice expectations, and otherwise have the requisite abilities to represent the Debtors properly in these chapter 11 cases.

14. Beginning in November, 2023, Hunton Andrews Kurth represented the Debtors as bankruptcy co-counsel in connection with all phases of the Debtors' restructuring efforts, including without limitation, the preparation for filing these chapter 11 cases.

15. The Debtors selected Hunton Andrews Kurth as bankruptcy co-counsel for the reasons stated above and due to, among other things, Hunton Andrews Kurth's recognized expertise in business reorganizations under chapter 11 of the Bankruptcy Code and experience with the bankruptcy court for the Southern District of Texas. Hunton Andrews Kurth has served as lead bankruptcy counsel or co-counsel to debtors and debtors in possession in a number of large chapter 11 bankruptcy cases, including without limitation: *Monitronics International, Inc.*, No. 23-90332 (CML) (Bankr. S.D. Tex. June 20, 2023) (Docket No. 157); *Sundance Energy Inc.*, No. 21-30882 (DRJ) (Bankr. S.D. Tex. Apr. 15, 2021) (Docket No. 160); *Superior Energy Services, Inc.*, No. 20-35812 (DRJ) (Bankr. S.D. Tex. Jan. 8, 2021) (Docket No. 209); *Lonestar Resources US Inc.*, No. 20-34805 (DRJ) (Bankr. S.D. Tex. Nov. 6, 2020) (Docket No. 198); *Remora Petroleum, L.P.*, No. 20-34037 (DRJ) (Bankr. S.D. Tex. Sept. 15, 2020) (Docket No. 129); *Hi-Crush Inc.*, No. 20-33495 (CML) (Bankr. S.D. Tex. Aug. 20, 2020) (Docket No. 308); *Sable Permian Resources, LLC*, No. 20-33193 (MI) (Bankr. S.D. Tex. Aug. 7, 2020) (Docket No. 280); *Weatherford International plc*, No. 19-33694 (DRJ) (Bankr. S.D. Tex. Aug. 22, 2019) (Docket No. 289); *Monitronics International, Inc.*, No. 19-33650 (DRJ) (Bankr. S.D. Tex. Aug. 5, 2019) (Docket No.

184); *Illinois Power Generating Company*, No. 16-36326 (MI) (Bankr. S.D. Tex. Jan. 25, 2017) (Docket No. 168); *Warren Resources, Inc.*, No. 16-32760 (MI) (Bankr. S.D. Tex. July 13, 2016) (Docket No. 176).

16. Additionally, Hunton Andrews Kurth has been actively involved in other roles in many major chapter 11 cases within the Southern District of Texas, including without limitation: *Diamond Sports Group, LLC*, No. 23-90116 (CML) (Bankr. S.D. Tex. Mar. 14, 2023); *Nielsen & Bainbridge, LLC*, No. 23-90071 (CML) (Bankr. S.D. Tex. Feb. 8, 2023); *Core Scientific, Inc.*, No. 22-90341 (CML) (Bankr. S.D. Tex. Dec. 21, 2022); *Compute North Holdings, Inc.*, No. 22-90273 (MI) (Bankr. S.D. Tex. Sept. 22, 2022); *Talen Energy Supply, LLC*, No. 22-90054 (MI) (Bankr. S.D. Tex. May 9, 2022); *Limetree Bay Services, LLC*, No. 21-32351 (CML) (Bankr. S.D. Tex. July 12, 2021); *Brazos Electric Power Cooperative, Inc.*, No. 21-30725 (CML) (Bankr. S.D. Tex. Mar. 1, 2021); *Gulfport Energy Corp.*, No. 20-35562 (CML) (Bankr. S.D. Tex. Nov. 13, 2020); *Fieldwood Energy LLC*, No. 20-33948 (MI) (Bankr. S.D. Tex. Aug. 3, 2020); *McDermott International, Inc.*, No. 20-30336 (CML) (Bankr. S.D. Tex. Jan. 21, 2020); *EP Energy Corp.*, No. 19-35654 (MI) (Bankr. S.D. Tex. Oct. 3, 2019); *Alta Mesa Resources, Inc.*, No. 19-35133 (MI) (Bankr. S.D. Tex. Sept. 11, 2019); *Sanchez Energy Corp.*, No. 19-34508 (MI) (Bankr. S.D. Tex. Aug. 11, 2019); *Bristow Group Inc.*, No. 19-32713 (MI) (Bankr. S.D. Tex. May 11, 2019); *Vanguard Natural Resources, Inc.*, No. 19-31789 (DRJ) (Bankr. S.D. Tex. Mar. 31, 2019); *Gastar Exploration Inc.*, No. 18-36057 (MI) (Bankr. S.D. Tex. Oct. 31, 2018); *iHeartMedia, Inc.*, No. 18-31274 (MI) (Bankr. S.D. Tex. Mar. 14, 2018); *EXCO Resources, Inc.*, No. 18-30155 (MI) (Bankr. S.D. Tex. Jan. 15, 2018); *Castex Energy Partners, L.P.*, No. 17-35835 (MI) (Bankr. S.D. Tex. Oct. 16, 2017); *LINN Energy, LLC*, No. 16-60040 (DRJ) (Bankr. S.D. Tex. May 11, 2016); *Ultra*

*Petroleum Corp.*, No. 16-32202 (MI) (Bankr. S.D. Tex. April 29, 2016); *Sherwin Alumina Company, LLC*, No. 16-20012 (DRJ) (Bankr. S.D. Tex. Jan. 11, 2016).

17. Accordingly, the Debtors believe that Hunton Andrews Kurth is well qualified to represent them in these chapter 11 cases.

**B. Services to Be Provided**

18. The Debtors seek to retain Hunton Andrews Kurth, subject to the oversight and orders of the Court, to provide legal services to the Debtors as needed throughout the course of these chapter 11 cases, including providing advice with respect to bankruptcy and other substantive legal issues. In particular, the Debtors seek to retain Hunton Andrews Kurth to perform, among others, the following professional services for the Debtors:

   a) advise the Debtors with respect to their powers and duties as debtors in possession in the continued management and operation of their business;

   b) advise and consult on the conduct of these chapter 11 cases, including all of the legal and administrative requirements of operating in chapter 11;

   c) attend meetings and negotiate with representatives of creditors and other parties in interest;

   d) take all necessary actions to protect and preserve the Debtors' estates, including prosecuting actions on the Debtors' behalf, defending any actions commenced against the Debtors and representing the Debtors in negotiations concerning litigation in which the Debtors are involved, including prosecuting objections to claims filed against the Debtors' estates;

   e) preparing pleadings in connection with these chapter 11 cases, including motions, applications, answers, draft orders, reports and other documents necessary or otherwise beneficial to the administration of the Debtors' estates;

   f) representing the Debtors in connection with obtaining authority to use cash collateral and obtain postpetition financing;

   g) appearing before the Court and any appellate courts to represent the interests of the Debtors' estates;

   h) taking any necessary actions on behalf of the Debtors to negotiate, prepare and obtain approval of a disclosure statement and confirmation of a chapter 11 plan of reorganization and all documents related thereto;

7

      i) advise the Debtors in connection with any sale of assets;

      j) provide non-bankruptcy services to the Debtors to the extent requested by the Debtors; and

      k) perform all other necessary legal services for the Debtors in connection with these chapter 11 cases, which may include (i) the analysis of the Debtors' leases and executory contracts and the assumption, rejection or assignment thereof, (ii) the analysis of the validity of liens against the Debtors, and (iii) advice on corporate and litigation matters, including both pending and threatened litigation and the administration and resolution of claims.

19. It is necessary for the Debtors to employ attorneys to render the foregoing professional services. Subject to approval of this Application, Hunton Andrews Kurth has confirmed its desire and willingness to act in these chapter 11 cases and render the necessary professional services as attorneys for the Debtors.

20. The Debtors intend to file separate applications to employ other professionals, including Latham & Watkins LLP ("L&W") as bankruptcy co-counsel to the Debtors, pursuant to section 327(a) of the Bankruptcy Code in connection with these chapter 11 cases. Hunton Andrews Kurth has advised the Debtors that it intends to monitor carefully and coordinate with the other professionals retained by the Debtors in these chapter 11 cases and will clearly delineate their respective duties to prevent duplication of effort. Efficient coordination of efforts of the Debtors' attorneys and other professionals will add to the effective administration of these chapter 11 cases.

    **C. Terms of Retention**

21. Pursuant to section 328(a) of the Bankruptcy Code, the Court may approve Hunton Andrews Kurth's retention on any reasonable terms. The Debtors seek to retain Hunton Andrews Kurth pursuant to the terms of the Engagement Letter, which are substantially similar to those entered into by Hunton Andrews Kurth and other clients on a daily basis in a competitive market for legal services with respect to similarly complex corporate, securities, and litigation matters. In connection with its retention, Hunton Andrews Kurth will be paid hourly rates for professional

services rendered that are in effect on the date the services are rendered. Hunton Andrews Kurth's rates and rate structures reflect the specialized expertise required by such matters, the risks of monetary loss of business failure, and the severe time pressures involved in business reorganizations. These rates may change from time to time in accordance with Hunton Andrews Kurth's established billing practices and procedures to account for advancing seniority and promotion of attorneys and paraprofessionals, and the Debtors have agreed to pay the rates as adjusted in accordance with such established practices and procedures for such increases.

22. Hunton Andrews Kurth's rates and rate structure are determined by the national marketplace for legal services, the Firm's performance and reputation, and multiple factors determined by an individual lawyer's area of specialization, experience, performance, nature of the work involved, and other factors.

23. The current hourly rates for the attorneys at Hunton Andrews Kurth who are expected to have primary responsibility for the representation of the Debtors are set forth below:

| Professional | Position | Hourly Rates |
|---|---|---|
| Timothy A. ("Tad") Davidson II | Partner | $1,250 |
| Joseph W. Buoni | Partner | $1,130 |
| Ashley L. Harper | Partner | $950 |
| Philip M. Guffy | Associate | $910 |
| Catherine Rankin | Associate | $800 |
| Brandon Bell | Associate | $700 |
| Kaleb Bailey | Associate | $595 |

24. Other attorneys and paraprofessionals at Hunton Andrews Kurth may be called upon on occasion to assist in the representation of the Debtors. The hourly rates charged by the Firm's professionals differ based on, among other things, the professional's experience.

25. The Debtors also have agreed that Hunton Andrews Kurth shall be reimbursed for all actual out-of-pocket expenses incurred by the Firm on the Debtors' behalf, in accordance with

the Engagement Letter. The Firm will make every effort to minimize the expenses within these chapter 11 cases.

26. Hunton Andrews Kurth will maintain detailed, contemporaneous records of time and any actual and necessary expenses incurred in connection with rendering the legal services described above by category and nature of the services rendered.

27. Hunton Andrews Kurth will submit interim and final applications for compensation in accordance with any interim compensation order entered in these chapter 11 cases, sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, and any further order of the Court in these chapter 11 cases.

28. As of the Petition Date, the Debtors do not owe Hunton Andrews Kurth any amounts for legal services rendered before the Petition Date. During the 90-day period prior to the Petition Date, Hunton Andrews Kurth received payments in the aggregate amount of $750,000 in fees for services performed and expenses incurred, including preparation for the commencement of these chapter 11 cases.

**D. Hunton Andrews Kurth's Disinterestedness**

29. As set forth in the Davidson Declaration, Hunton Andrews Kurth has in the past represented, currently represents, and likely in the future will represent certain parties in interest in these chapter 11 cases, but only in matters wholly unrelated to the Debtors, these chapter 11 cases, and such entities' claims against or interests in the Debtors, unless otherwise noted in the Davidson Declaration.

30. To the best of the Debtors' knowledge, information and belief, and except as disclosed in the Davidson Declaration and in Schedule 2, (i) Hunton Andrews Kurth has no connection with any of the parties listed in Schedule 1; (ii) Hunton Andrews Kurth is not a creditor, an equity security holder or an insider of the Debtors; (iii) no Hunton Andrews Kurth attorneys are

or were, within two years of the Petition Date, a director, officer or employee of the Debtors; (iv) Hunton Andrews Kurth does not hold or represent any interest materially adverse to the Debtors' estates or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with or interest in, the Debtors, or for any other reason.

31. Accordingly, Hunton Andrews Kurth (i) is a "disinterested person," as that phrase is defined in section 101(14) of the Bankruptcy Code (as modified by section 1107(b) of the Bankruptcy Code), as required by section 327(a) of the Bankruptcy Code and (ii) does not hold or represent an interest adverse to the Debtors' estates.

32. Hunton Andrews Kurth has informed the Debtors that, as set forth in the Davidson Declaration, (i) Hunton Andrews Kurth has no agreement with any other entity to share any compensation received concerning the representation of the Debtors; and (ii) unless otherwise disclosed therein, no employee of Hunton Andrews Kurth is related to any United States Bankruptcy Judge for the Southern District of Texas, any United States District Judge for the Southern District of Texas, the United States Trustee with supervision over the Southern District of Texas or any employees of the Office of the United States Trustee for the Southern District of Texas.

33. The Debtors' knowledge, information and belief regarding certain of the matters set forth in this Application are based on and made in reliance upon the Davidson Declaration. The Debtors understand that Hunton Andrews Kurth will periodically review its files during the pendency of these chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, the Debtors understand that Hunton Andrews Kurth will use reasonable efforts to identify such further

developments and will file promptly a supplemental declaration, as required by Bankruptcy Rule 2014(a).

34. The Debtors submit that the retention and employment of Hunton Andrews Kurth on the terms and conditions set forth herein, in the Davidson Declaration, and the Engagement Letter are in the best interests of the Debtors, the Debtors' estates, their creditors, and all potential parties in interest. Hunton Andrews Kurth is well qualified to perform as general bankruptcy co-counsel as described above, and the Debtors know of no reason why Hunton Andrews Kurth should not be retained as bankruptcy co-counsel for the Debtors in these chapter 11 cases.

## **NOTICE**

35. Notice of this Application will be given to: (a) the Office of the United States Trustee for the Southern District of Texas; (b) the Committee; (c) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (d) counsel to ORC; (e) counsel to the Ad Hoc Group; (f) counsel to the DIP Agent; (g) counsel to Invesco; (h) counsel to the May 2023 Litigation Plaintiffs; (i) the United States Attorney's Office for the Southern District of Texas; (j) the Internal Revenue Service; (k) the state attorneys general for states in which the Debtors conduct business; and (l) all parties that have requested or that are required to receive notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, under the circumstances, no other or further notice is required.

36. A copy of this Application is available on (a) the Court's website at www.txs.uscourts.gov, and (b) the website maintained by the Debtors' claims and noticing agent, Kroll Restructuring Administration LLC at https://cases.ra.kroll.com/Robertshaw/.

[*The remainder of this page is intentionally left blank*]

WHEREFORE, the Debtors respectfully request that the Court enter the Order, granting the relief requested in this Application and such other and further relief as may be just and proper.

Signed: February 28, 2024

Respectfully Submitted,

/s/  *Aaron Rachelson*
Name:  Aaron Rachelson
Title:    General Counsel
Range Parent, Inc.

**CERTIFICATE OF SERVICE**

    I certify that on February 28, 2024, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas on those parties registered to receive electronic notices.

                                            */s/ Timothy A. ("Tad") Davidson II*
                                            Timothy A. ("Tad") Davidson II